UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   2:25-cv-00314 MWC (JPRx)                     Date: April 15, 2025

Title      Jody D. Kimbrell v. Poipu Holdings, LLC *et al.*

---

Present: The Honorable:    Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):  ORDER GRANTING DEFENDANTS' MOTION TO
CHANGE VENUE AND MOOTING THE MOTION TO DISMISS (DKT. 20) JS-6**

Before the Court is a motion to dismiss and motion to change venue filed by
Defendant Poipu Holdings, LLC and Specially Appearing Defendants Carlos Javelera
and Joan Javelera (collectively, "Defendants").  Dkt. # 20 ("*Mot.*").  Plaintiff Jody D.
Kimbrell ("Plaintiff") opposed, Dkt. # 25 ("*Opp.*"), and Defendant replied, Dkt. # 27
("*Reply*").  The Court finds this matter appropriate for decision without oral argument.
*See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers, the Court **GRANTS**
Defendant's motion to change venue and **MOOTS** the motion to dismiss.

I.      Background

This action involves a real property dispute in Peoria, Illinois.  *See generally* Dkt.
# 1 ("*Compl.*").  On November 4, 2019, Defendants purchased an apartment building and
the associated real property at issue.  *Mot.*, Ex. A.  The parcel where the building is
located is identified in the official records of the County of Peoria, Illinois as having
parcel identification number 1417126006 (the "06-Parcel").  *Compl.* at 3 ¶ 1.  Plaintiff
asserts that Defendants trespassed on her parking lot and driveway, which she claims is
part of her adjacent property identified as having parcel identification number
1417126015 (the "15-Parcel").  *Id.*  Plaintiff alleges that Defendants "fraudulently" drew
lines in the 06-parcel survey which encompassed a portion of the 15-parcel.  *Id.* ¶ 3.

Plaintiff initiated this action on January 12, 2025, asserting four causes of action:
(1) conversion of real property; (2) fraud; (3) fraudulent concealment; and (4) unjust
enrichment.  *See id.*  Defendants filed the instant motion to dismiss pursuant to Federal

---

CV-90 (03/15)                     Civil Minutes – General                     Page **1** of **6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-00314 MWC (JPRx)                                    Date: April 15, 2025

Title     Jody D. Kimbrell v. Poipu Holdings, LLC *et al.*

Rules of Civil Procedure 12(b)(5) and 12(b)(6) and, alternatively, motion to change
venue under 28 U.S.C. § 1404(a).  *See Mot.*  The Court only addresses the latter.

II.     Legal Standard

        "For the convenience of parties and witnesses, in the interest of justice, a district
court may transfer any civil action to any other district or division where it might have
been brought."  28 U.S.C. § 1404(a).  Section 1404(a) "is intended to place discretion in
the district court to adjudicate motions for transfer according to an 'individualized, case-
by-case consideration of convenience and fairness.'"  *Stewart Org., Inc. v. Ricoh Corp.*,
487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).
District courts employ a two-step framework to resolve a transfer motion.  A court first
asks whether the plaintiff could have originally brought the action in the proposed
transferee forum.  *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960).  If the action could
have been brought there, then the court weighs "a number of case-specific factors" based
in convenience and fairness.  *Stewart Org.*, 487 U.S. at 29–30.  The burden is on the
moving party to show that transfer is appropriate.  *See Commodity Futures Trading
Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

III.    Analysis

        A.      Availability of Alternative Forum

        The parties do not dispute that this action could have been brought in the Central
District of Illinois, but the Court must nonetheless address the issue.  *See Mot.* 15:19–
16:15; *see Opp.* (silent on change of venue); *In re Bozic*, 888 F.3d 1048, 1053 (9th Cir.
2018) (requiring courts to consider the issue *sua sponte*).  "The phrase where an action
'could have been brought' is interpreted to mean that the proposed transferee court would
have subject matter jurisdiction, proper venue, and personal jurisdiction."  *Peregrine
Semiconductor Corp. v. RF Micro Devices, Inc.*, No. 12-cv-911-IEG-WMC, 2012 WL
2068728, at *2 (S.D. Cal. Jun. 8, 2012).

        The Central District of Illinois would have subject matter jurisdiction, proper
venue, and personal jurisdiction.  First, the Central District of Illinois has diversity
jurisdiction over this case.  *See* 28 U.S.C. § 1332; *see also Mot.* (stating that both Carlos
Javelera and Joan Javelera reside in California); *Opp.* 4:8–10 (same); *Compl.* at 2, ¶ 3
(pleading that Plaintiff resides in Illinois); *id.* at 5–9 (seeking over $75,000 in damages).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   2:25-cv-00314 MWC (JPRx)                                    Date: April 15, 2025

Title       Jody D. Kimbrell v. Poipu Holdings, LLC *et al.*

Second, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(2).  Here, Plaintiff's injury occurred while she was in Peoria, Illinois and therefore venue is proper in the Central District of Illinois.  Finally, the Central District of Illinois has specific personal jurisdiction over Defendants because their actions were purposefully directed toward the parcels, which harmed Plaintiff.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985) ("[A] forum legitimately may exercise personal jurisdiction over a nonresident who 'purposefully directs' his activities toward forum residents.").  Accordingly, the transfer rests on the case-specific factors and the Court's discretion.

> B.       Convenience and Fairness Factors

When an action could have been brought in the potential transferee court, a district court must decide whether transfer is appropriate.  *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1105–06 (N.D. Cal. 2001).  Section 1404(a) expressly identifies the following considerations:  convenience of the parties, convenience of witnesses, and the interest of justice.  28 U.S.C. § 1404(a).  Although the statute identifies only these factors, courts deem "*forum non conveniens* considerations [to be] helpful in deciding a § 1404 transfer motion."  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  District courts, therefore, consider the following factors to decide a transfer motion:  (1) the plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) relative court congestion and time to trial in each forum.  *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000); *Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1042 (S.D. Cal. 2023).  "This list is non-exclusive, and courts may consider other factors, or only those factors which are pertinent to the case at hand."  *Martin v. Glob. Tel\*Link Corp.*, No. 15-cv-00449-YGR, 2015 WL 2124379, at \*2 (N.D. Cal. May 6, 2015).

The Court finds that the convenience of the parties and witnesses strongly favors the transfer of this action to Central District of Illinois.  As noted by Defendants, "[a]ll the relevant witness and documents are [in Illinois], including the relevant grant deeds, surveys, and foreclosure related documents."  *Mot.* 16:4–6.  Nearly all the alleged events that give rise to Plaintiff's claims occurred in Illinois.  Defendants further highlight that the "individual witnesses related to each of those issues—such as the surveyors, the escrow and loan officers, the title insurance company employees—are also all located

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-00314 MWC (JPRx)                              Date: April 15, 2025

Title      Jody D. Kimbrell v. Poipu Holdings, LLC *et al.*

there." *Id.* 16:6–8.  The Court therefore finds that the convenience of the relevant
witnesses and evidence weighs in favor of transfer.  *See Razi v. Razavi*, No. CV 11-9739
CAS AGRX, 2012 WL 716879, at *3 (C.D. Cal. Feb. 7, 2012) (finding that convenience
of relevant witnesses favored transfer to Florida where the allegations centered around
real property and key witnesses were in Florida); *Leskinen v. Halsey*, No. 2:10–cv–03363
MCE KJN PS, 2011 WL 4056121, at *9 (E.D. Cal. Sept. 12, 2011) (finding that
convenience weighed in favor of transfer where (1) nearly all of the alleged events
occurred in the State of New York and (2) the majority of the potential witnesses resided
in the Eastern District of New York).

        Numerous factors support transferring the action in the interests of justice.
Because the resolution of this litigation will affect title to parcels of real property, Illinois
courts have a greater interest in policing real estate issues that involve Illinois property.
*See, e.g.*, *Tolentino v. Mossman,* No. 2:07-CV-1243-GEB-DAD, 2008 WL 1787752, *3
(E.D. Cal. Apr. 18, 2008) (transferring case to Iowa because the main issue was the
defendant's alleged misrepresentations about the fair market value of real property
located in Iowa even though purchases were consummated elsewhere, and Iowa courts
had a stronger interest in policing its real estate transactions); *Kukui Gardens Corp. v.
Holco Cap. Grp., Inc.,* 664 F. Supp. 2d 1103, 1121 (D. Haw. 2008) (denying motion to
transfer because although allegedly misappropriated money was stored in Illinois and
Indiana accounts, the real property underlying the transactions was based in Hawaii and
so Hawaii courts had a greater interest in resolving the litigation).  Furthermore,
"[g]enerally, litigation costs are reduced when venue is located near the most witnesses
expected to testify[.]"  *Park v. Dole Fresh Vegetables*, 964 F. Supp. 2d 1088, 1095 (N.D.
Cal. 2013).  While the parties can depose any of the identified witnesses and use the
resulting testimony in any form, "district courts have frequently found it is more
convenient and preferable for witnesses to testify in person at depositions and trial."
*Kissick v. Am. Residential Servs., LLC*, No. CV 19-1460-MWF (SSX), 2019 WL
6434639, at *5 (C.D. Cal. Jul. 18, 2019) (citation omitted).

        The only factor that slightly weighs against transfer is Plaintiff's choice of forum.
Generally, a plaintiff's choice of forum is one of many relevant factors for courts to
consider in a motion under Section 1404(a).  *Norwood v. Kirkpatrick*, 349 U.S. 29, 32
(1955); *see Adobe Systems Inc. v. Trinity Software Distribution, Inc.*, No. C 12-1614 SI,
2012 WL 3763643, at *8 (N.D. Cal. Aug. 29, 2012) ("There is ordinarily a strong
presumption in favor of a plaintiff's choice of forum").  "However, 'if the operative facts
have not occurred within the forum of original selection and that forum has no particular

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-00314 MWC (JPRx)                         Date: April 15, 2025

Title      Jody D. Kimbrell v. Poipu Holdings, LLC *et al.*

interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." *Adobe*, 2012 WL 3763643, at \*8.  Here, Plaintiff's choice of forum is largely discounted because Plaintiff does not reside in this forum and the bulk of the acts alleged occurred in Illinois. *See Catch Curve, Inc. v. Venali, Inc.*, No. CV 05-04820 DDP AJWX, 2006 WL 4568799, at \*2 (C.D. Cal. Feb. 27, 2006) ("[D]eference to the plaintiff's choice of forum is diminished if the moving party establishes one or more of the following factors: (1) the operative facts have not occurred within the forum; (2) the forum has no particular interest in the parties or subject matter; (3) the forum is not the primary residence of either the plaintiff or defendant; or (4) the subject matter of the litigation is not substantially connected to the forum.").

The Court finds the remaining factors to be neutral or insignificant in this case, but the Court highlights the factor of familiarity of applicable law.  Defendants move to dismiss Plaintiff's complaint pursuant to California law, but Plaintiff appears to bring her claims under California and Illinois law—though it is not entirely clear. *See generally Compl.*  The Court recognizes that "[a] California district court is more familiar with California law than district courts in other states." *In re Ferrero Litig.*, 768 F. Supp 2d 1074, 1081 (S.D. Cal. 2011).  But "[t]he weight to be afforded this factor is necessarily dependent upon the complexity and/or unsettled nature of the state law issues presented." *Anderson v. Thompson*, 634 F. Supp. 1201, 1205 (D. Mont. 1986).  The Court foresees a plausible issue pertaining to the applicable substantive law, in which the Illinois court will have to determine the choice of law through California's "governmental interest analysis."[1] *See Bueno v. Merck & Co.*, 746 F. Supp. 3d 853, 867 (S.D. Cal. 2024) ("California district courts sitting in diversity determine questions of choice of law by the

---

[1] The government interest analysis consists of three steps:  "First, the court must determine whether the substantive laws of California and the foreign jurisdiction differ on the issue before it.  Second, if the laws do differ, then the court must determine what interest, if any, the competing jurisdictions have in the application of their respective laws.  If only one jurisdiction has a legitimate interest in the application of its rule of decision, there is a 'false conflict' and the law of the interested jurisdiction is applied. But if more than one jurisdiction has a legitimate interest, the court must move to the third stage of the analysis, which focuses on the comparative impairment of the interested jurisdictions.  This third step requires the court to identify and apply the law of the state whose interest would be the more impaired if its law were not applied." *Rustico v. Intuitive Surgical, Inc.*, 993 F.3d 1085, 1091 (9th Cir. 2021) (quoting *Cooper v. Tokyo Elec. Power Co. Holdings*, 960 F.3d 549, 599 (9th Cir. 2020) (internal citations omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   2:25-cv-00314 MWC (JPRx)                              Date: April 15, 2025

Title      Jody D. Kimbrell v. Poipu Holdings, LLC *et al.*


'governmental interest analysis.'"); *Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964, 966 (9th Cir. 1993) (noting that a federal court exercising diversity jurisdiction applies substantive law of forum state, including state's choice-of-law rules and its statutes of limitation); *Jarrett v. Terrell*, No. 21-55263, 2022 WL 1056645, at *1 (9th Cir. Apr. 8, 2022) ("If a case is transferred under § 1404(a), the transferee court applies the law that would have been applicable in the transferor district court." (citing *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964)).  A governmental interest analysis would include a comparison of both California and Illinois law.  Even if California law applies, the causes of action asserted by Plaintiff are not complex.  Therefore, this factor is neutral.

Accordingly, the Court finds that transfer of this action to the Central District of Illinois is appropriate under 28 U.S.C. § 1404(a).  The Court will not rule on any issues pertaining to Defendants' motion to dismiss pursuant to Rules 12(b)(5) and 12(b)(6) because, after transfer, this case will no longer be assigned to this Court.

IV.     Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion to transfer and **MOOTS** the motion to dismiss.


**IT IS SO ORDERED.**

                                                                                  :
                                                          **Initials of Preparer**   TJ